United States District Court
Southern District of Texas

**ENTERED**

December 09, 2016

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **DANE FRANCISCO DELGADO,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:16-132** |
| | § | **Criminal No. B:14-8-1** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**AMENDED[1] REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**

On June 14, 2016, Petitioner Dane Francisco Delgado ("Delgado") filed a Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255. Dkt. No. 1. On October 19, 2016, the United States timely filed a motion for summary judgment. Dkt. No. 13.

After reviewing the record and the relevant case law, the Court recommends that the motion for summary judgment be granted. Delgado's claims are legally and substantively meritless.

## I. Procedural and Factual Background

On January 14, 2014, a federal grand jury – sitting in Brownsville, Texas, – indicted Delgado for conspiracy to "export, furnish, and cause to be exported from the United States to Mexico defense articles designated on the United States Munitions List," a violation of 22 U.S.C. §§2278(b)(2) and 2278(c). U.S. v. Delgado, Criminal No. 1:14-8-1, Dkt. No. 1 (hereinafter "CR").

### A. Rearraignment & Waiver of Appellate Rights

On April 29, 2014, Delgado appeared before the District Judge and entered a guilty

[1] The only change to the originally filed Report and Recommendation ("R&R") appears in what is now footnote two, and was formerly footnote one. The substance and conclusions of the original R&R, otherwise, remain unchanged.

plea to illegally exporting defense articles to Mexico. CR Dkt. No. 94. His guilty plea was pursuant to a written plea agreement. Dkt. No. 63.[2]

**B. Sentencing & Direct Appeal**

In the final presentence report ("PSR"), Delgado was assessed a base offense level of 26. CR Dkt. No. 73, pp. 7-8. Delgado was assessed a three-level enhancement for serving as a manager or leader of the criminal activity. Id. Delgado received a two-level reduction for acceptance of responsibility. Id. Thus, Delgado was accessed a total offense level of 27.

Regarding his criminal history, Delgado had no prior adult criminal convictions and was assessed zero criminal history points, resulting in a criminal history category of I. CR Dkt. No. 73, p. 8. Based upon Delgado's offense level of 27 and criminal history category of I, the presentence report identified a guideline sentencing range of 70 to 87 months of imprisonment. Id., p. 12.

On November 14, 2014, the District Court held the sentencing hearing. CR Dkt. No. 92. At the sentencing hearing, the Government moved that Delgado's two-level reduction for acceptance of responsibility be increased to a three-level reduction. Id, pp. 4-5. That motion was granted. Id. The Government and Delgado also entered into a stipulation that Delgado be given only a two-level enhancement for serving as a manager or leader. Id. The Court adopted the stipulation. Id.

As a result, Delgado had a revised offense level of 25. CR Dkt. No. 92, p. 5. He had a revised guideline sentencing range of 57 to 71 months. Id.

[2] The plea agreement contained a waiver of appellate rights, including a waiver of the right to seek relief via § 2255. Dkt. No. 63, ¶ 11. The Government filed a motion for summary judgment in this case, but did not seek specific performance of that waiver. Dkt. No. 13. Because the Government filed that motion and did not seek dismissal, the right to specific performance pursuant to the plea agreement has been waived. See U.S. v. Del Toro-Alejandre, 489 F.3d 721, 722-23 (5th Cir. 2007) (where the government fails to invoke a waiver in its brief, the right to seek specific performance of that waiver may be "deemed waived, functioning much like affirmative defenses."). It is the filing of the motion, without seeking specific performance of the waiver, that distinguishes the instant case from those in which the Court has not ordered the Government to respond to the 2255 motion, but nevertheless enforces the waiver provision. See Id. at 723 ("[T]here is an implicit assumption that absent word otherwise the government will seek enforcement of a waiver it bargained for . . . ."). Irrespective of the waiver, the ultimate result in this case is the same, because Delgado's claims are meritless.

The District Court sentenced Delgado to 60 months of imprisonment, three years of supervised release, and a $100 special assessment fee, which was ordered remitted. CR Dkt. No. 92, pp. 7-8. The judgment was entered on December 5, 2014. CR Dkt. No. 80.

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a direct appeal. A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Delgado's deadline for filing a notice of direct appeal passed on December 19, 2014. Id.

**C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On June 14, 2016, Delgado timely[3] filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In his motion, Delgado asserts that his sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because he was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 1, p. 4.

On October 19, 2016, the Government filed a motion for summary judgment, asserting that Delgado is not entitled to relief because his sentence was not enhanced under the ACCA or any similar residual clause. Dkt. No. 13.

## II. Applicable Law

### A. Section 2255

Delgado seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

[3] Section 2255(f)(3) provides for a one-year statute of limitation period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral appeal." See Dodd v. U.S., 545 U.S. 353, 359 (2005) (a one-year limitation period runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable to cases on collateral review). Johnson was decided on June 26, 2015. Delgado filed his petition within one-year from the date which Johnson was decided. Therefore, the petition is timely.

> sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

**III. Analysis**

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Delgado's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying this standard, neither the record – nor the law – support Delgado's claim.

**A. Johnson is Inapplicable**

Delgado asserts that he is entitled to habeas relief in light of the recent Supreme Court decision Johnson v. U.S., 135 S. Ct. 2551 (2015). For the reasons discussed below, Johnson does not apply to Delgado's case, because he was not sentenced under the Armed Career Criminal Act ("ACCA").

In Johnson, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the ACCA. The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more prior convictions for a "serious drug offense" or a "violent felony." § 924(e)(1). The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or

otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B) (emphasis added). The underlined portion of § 924(e)(2)(B) has been referred to as the Act's residual clause. Johnson, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under the ACCA's residual clause is a violation of due process. Johnson, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges."). The Supreme Court has confirmed the retroactivity of Johnson as applied to the ACCA. See Welch v. U.S., 136 S. Ct. 1257 (2016) (holding that "Johnson announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Delgado, none of it applies to his case. Delgado was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). Instead, he was convicted of violating 22 U.S.C. §§2778(b)(2) and (c). CR Dkt. No. 80. While Delgado was convicted of weapons-related charges, his conviction was not for a violation of the statute the Supreme Court invalidated in Johnson.

Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. Nos. 73, 81. Therefore, regardless of its retroactive application, the holding in Johnson does not provide Delgado with a vehicle for relief.[4] In short, Johnson simply does not apply to Delgado's case.

**B. No other Sentencing Error**

Furthermore, an examination of Delgado's sentence clearly shows that there was no

[4] Furthermore, Delgado's sentence was not enhanced for any prior "crime of violence" convictions. CR Dkt. No. 63. Thus, he has no basis to argue that the holding in Johnson would invalidate any "crime of violence" enhancement in his case. The Court notes that the Supreme Court has granted a writ of certiorari to determine if the definition of a crime of violence found at 18 U.S.C. § 16(b) is unconstitutionally vague. Lynch v. Dimaya, No. 15-1498, 2016 WL 3232911, at *1 (U.S. Sept. 29, 2016). The circuits disagree on the answer. Compare Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015) (holding § 16(b) to be unconstitutionally vague) and U.S. v. Gonzalez-Longoria, — F.3d —, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016) (en banc) (holding that 16(b) is not unconstitutionally vague).

error. Pursuant to U.S.S.G. § 3B1.1(b), a two-level enhancement was added to Delgado's offense level, because he served as a manager or leader of the criminal activity. CR Dkt. No. 73, p. 7; Dkt. No. 92, p. 3. Indeed, Delgado and the Government stipulated that a two-level sentencing enhancement was appropriate. Dkt. No. 92, p. 3. Delgado has not claimed that his attorney was ineffective for entering into that stipulation.

While the Court is not bound by the parties stipulations, it is free to use them in determining a proper sentence. U.S.S.G. § 6B1.4. Accordingly, the Court did not err in adopting the stipulation when arriving at Delgado's sentence. This petition should be denied.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Dane Francisco Delgado's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless. The Government's motion for summary judgment should be granted. Dkt. No. 13.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Delgado's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.

Although Delgado's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

**B. Notice to Parties**

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on December 9, 2016.

Ronald G. Morgan
United States Magistrate Judge